Morrow and Bellamy v. The State.

14L 475
16L 607

WILLIAM MORROW, RANSOM MORROW and P. F. BEL-LAMY v. THE STATE.

1. ONCE IN JEOPARDY. Acquittal under an indictment charging mur-der, is not a sufficient plea to a subsequent indictment for the offense of being accessory before the fact.

2. TRIAL. *Severance.* Where defenses are antagonistic and the ends of justice will be better obtained by separate trials, a severance should be granted; but the question is one addressed to the sound discretion of the court, and unless abused, a new trial will not be granted by this court because a severance has been refused.

3. SAME. Where A, B and C were jointly indicted, A for the murder, and B and C as accessories before the fact, and a severance was de-manded by them upon the following grounds, viz., by A upon the ground that he could prove by B and B's wife, and by them alone, that the wife had made certain communications to him, as to an attempt on the part of the deceased to commit a rape upon her per-

Morrow and Bellamy v. The State.

son; by B, upon the ground that he could prove by A that he did not counsel or in any manner procure A to commit the murder; by C that he could prove by B that the deceased had attempted to commit a rape on C's wife—B's daughter—it was held that a severance ought to have been granted, and a new trial was granted because it was not.

4. EVIDENCE. *Confessions of principal, as against accessory.* The confessions of the principal are admissible on the trial of an accessory before the fact, not to fix guilt upon the accused, but to establish the murder, just as if the principal had been on trial.

5. SAME. *Hearsay made competent by cross-examination.* A witness in detailing the confession of the principal A, proceeded to state what A told him B and C had stated to him, B and C not being present when the witness and A had the conversation. *Held,* incompetent, but that it had been made admissible, inasmuch as B and C had brought it out on their own cross-examination.

---

FROM MONTGOMERY.

---

Appeal in error from the Criminal Court of Montgomery county.    C. W. TYLER, J.

LEECH & SAVAGE, H. H. LURTON and JOHN F. HOUSE for Wm. Morrow, Ransom Morrow and Bellamy.

ATTORNEY-GENERAL LEA for the State.

COOKE, J., delivered the opinion of the court.

The indictment in this case contained three counts. The first charged all of the defendants with murder in the first degree, of the deceased—one Jim Brown. The second and third counts charged William Morrow as principal, and Ransom Morrow and Bellamy as accessories before the fact, in said murder of said deceased, Brown.

William Morrow has been convicted of murder in

the first degree, and Ransom Morrow and P. F. Bellamy as accessories thereto before the fact, the jury finding mitigating circumstances as to all of them, and they have each been sentenced to imprisonment in the penitentiary for life.   The deceased, a negro man, was killed in 1877, and in 1879 the defendant, Bellamy, was indicted for his murder and acquitted. He pleaded this former acquittal as a bar to this indictment.   This plea was adjudged sufficient as to the first count, but insufficient as to the second and third counts of the indictment, and thereupon the attorney-general dismissed the first count as to both Bellamy and Ransom Morrow, and the defendants were jointly put upon their trial.

The first error assigned is upon the action of the court in holding the plea of former acquittal as to Bellamy insufficient, as to the second and third counts of the indictment.   This action of the court was correct: 1 Arch. Crim. Plead. and Prac., 72, note 1.

The offense of being accessory before the fact, with which he is charged in this indictment, was not included among the offenses embraced in the former indictment, nor could he have been tried or convicted as an accessory under that indictment, and consequently he had never been in jeopardy under the first indictment for the offense with which he is charged in this.

The only questions necessary to be considered arise upon the assignment of errors by the defendants.   The evidence upon which the conviction was mainly had, was the confessions or admissions of William Morrow made to witnesses that he had killed the deceased,

and of Ransom Morrow and Bellamy that they had planned or put him up to it. William Morrow was the son and Bellamy the son-in law of Ransom Morrow—Bellamy's. wife being the daughter of Ransom,. and sister of William Morrow. Upon their arraignment each pleaded not guilty, and each of the defendants moved the court for a severance, the motion of each being supported by his own affidavit. That of William Morrow stated, in substance, that he was jointly indicted with his co-defendants—he as principal and they as accessories before the fact of the murder of the deceased—one James Brown (colored), that to convict the affiant of the murder, the State would rely upon confessions which witnesses had sworn and would swear, had been made by said affiant to them to the effect that he had acknowledged and confessed said murder to them, and in said acknowledgment or confession, gave his reason for doing the same; that said Brown had attempted a rape upon Mrs. Bellamy,. the wife of his co-defendant; that he desired the testimony of his said sister to prove that said Brown did make such an assault or attempt a short time before the alleged killing by him; and that his codefendant, Bellamy, and his wife, the sister of said affiant, communicated said fact of said assault to him immediately after the happening of the same, and immediately before the alleged killing of said Brown;. and also, by said co-defendant, Bellamy, that his wife had immediately communicated the fact of said assault having been made upon her to him as soon as she had opportunity to see him, and the effect of said

assault upon her, and that he could prove these facts by no other witnesses known to him, and unless a severance of the trial was had he might be deprived of the benefit of said testimony, either as to an acquittal of said crime or determining the degree thereof; also, that the State would rely as against his codefendants upon certain alleged confessions which witnesses would swear were made by each of said codefendants to them, which were not made in the presence and hearing of said affiant, and the necessary effect of the same upon a joint trial would be to prejudice him, although incompetent as evidence against him.

The affidavit of Ransom Morrow stated in substance, that the State, in order to establish said murder, would rely upon certain alleged confessions of William Morrow not made in his presence, that he (said William Morrow), killed the deceased, and which said confessions included statements that said affiant counseled him to do so; and that said alleged confessions, while not competent as evidence against him, would necessarily, upon a joint trial, prejudice him in the minds of the jury; that said Brown—a negro—did immediately before the killing, make an assault with intent to commit a rape upon his daughter, who was the wife of his co-defendant, Bellamy, and this fact can only be proved by said co-defendant, Bellamy, and his said wife, the daughter of said affiant, and without a severance, he was advised, that he could not have the benefit of said testimony; that he can also prove by said witnesses that he was informed by

them immediately after it occurred, of said attempted rape upon his said daughter.

Defendant, Bellamy, in his affidavit, stated that he did not counsel, advise, or in any manner procure William Morrow to commit said murder, and that he can prove by said William Morrow that he did not either counsel, advise, or in any manner procure him to kill said deceased Brown; that he knows of no other person by whom he can prove these facts, and without a severance he is advised that he will be deprived of said testimony. The court overruled each of said motions, and declined to permit a severance, and the defendants were jointly tried. Upon the trial the defendants, William Morrow and Ransom Morrow, each tendered Mrs. Bellamy as a witness, by whom they offered to prove substantially the facts which were stated in their respective affidavits for a severance, that they desired to and could prove by her; and the defendants, Ransom Morrow and Bellamy, each offered defendant, William Morrow, as a witness, by whom they proposed to prove respectively that they never did advise, counsel, or in any manner procure, or attempt to procure, or attempt to procure him, William Morrow, to kill or murder the deceased, James Brown. A witness on part of the State had testified that the deceased, on the morning of the day upon which he was killed, had gone to the house of defendant, Bellamy, to return some meal which had been borrowed. Defendants, William and Ransom Morrow, also offered to prove by Mrs. Bellamy that the deceased did not come to her house on the morning of the killing

for any purpose, and that she never saw him after he committed said assault upon her. The court, of its own motion, refused to permit either of said witnesses so offered to testify. It is insisted for the defendants that the court erred in refusing to allow a severance, and also in refusing to permit said defendant, William Morrow, and Mrs. Bellamy, to testify as witnesses in behalf of the parties tendering them, and in regard to the facts offered to be proved by them respectively.

The question as to whether a severance should be allowed is one which addresses itself to the sound discretion of the court, and unless abused this court will not grant a new trial on account of the refusal of the court to permit a severance: *Robinson* v. *State*, 1 Lea, 673. Where the defenses are antagonistic, and the ends of justice will be better obtained by separate trials, the court should grant a severance: 5 Cold., 40; 2 Hum., 99; 4 Sneed, 425. In *Moffit* v. *The State*, 2 Hum., 99, it was held that the wife of one of two persons jointly indicted for an *assault and battery*, is a competent witness for the other defendant tried separately. And in *Workman* v. *The State*, above cited, it was held that where two persons jointly indicted for murder, the one as principal, and the other as "present aiding and abetting," and *they sever* in their trials, the wife of one of them is a competent witness for the other. And in *Poteete* v. *The State*, it was decided that a party jointly indicted for the same offense, but who has obtained a severance, and has not been put upon his trial, is a com-

31—VOL. 14.

Morrow and Bellamy v. The State.

petent witness for the other defendant: 9 Baxt., 261, citing *Delozier* v. *The State*, 1 Head, 46, where it was held that a party jointly indicted and found guilty was a competent witness for his co-defendant, in which case it was said that it was difficult to perceive any sound reason why one of several defendants jointly indicted, but tried separately, should be held incompetent as a witness, either before or after trial and conviction, for a co-defendant. While the cases seem to concede that upon a joint trial the parties themselves, or the wife of either of them, are incompetent to testify in behalf of the others, yet it is clear that where a severance is granted they are competent. In this case the offenses with which the defendants are charged, although included in the same indictment, are separate and distinct offenses. Upon a severance William Morrow would unquestionably have been a competent witness for both Ransom Morrow and Bellamy, and the facts proposed to be proved by him in their behalf were material. Upon the same principle, Mrs. Bellamy was competent as to Ransom Morrow. Whether she was as to William Morrow is questionable, as his acquittal would have relieved her husband of the charge against him. And, while under proper instructions of the court, the confessions of each of the parties might possibly have been restricted in their effect to the parties making them, yet the dangerous tendency of such confessions upon a joint trial to affect injuriously the other parties as against whom they were incompetent testimony, can not be questioned. We also think the testimony

offered by Mrs. Bellamy, so far as it was competent, and as we have seen it was as to Ransom Morrow at any rate, was material to go to the jury, along with the other testimony, to show the extent of the provocation under which Ransom Morrow may have been laboring when he advised the killing of the deceased. The testimony of the State leaves no doubt but there was before this negro was killed a charge made by Mrs. Bellamy and her husband, that he had, upon the Sunday evening before he was killed upon Wednesday, made an assault, and attempted to commit a rape upon Mrs. Bellamy, who was, as appears, a respectable white woman. The affidavit states that information of this assault was communicated to Ransom Morrow, as well as to William Morrow, just before the deceased was killed, which it was stated could be proved by her, and while the testimony in the record tends very strongly to negative this fact, yet it was competent to go to the jury to be considered for what it was worth, in their judgment, as tending to show such provocation on the part of Ransom Morrow at the time he incited William Morrow to kill the deceased as to preclude the idea of such deliberation and premeditation as would constitute him an accessory before the fact to the offense of murder in the first degree.

We are of opinion that the ends of justice would have been better subserved, and the offenses with which the defendants were charged were so distinct and separate as to require that a severance in the trials should have been had, and the defendants re-

spectively been allowed the benefit of the testimony offered to the extent that it was competent, as above indicated, the refusal of which was error.

It is next insisted that the court erred in admitting the confessions or admissions of William Morrow to establish the offense of which he was guilty, so far as it affected the defendants, Ransom Morrow and Bellamy, but that as to them the offense of the murder of the deceased by William Morrow must be made out by proof outside of his confessions. This position is untenable. If the defendant, William Morrow, had not been on trial, his confessions would have been competent to go to the jury, after the facts of the killing of the deceased had been established by other testimony, to show that he did it, and also the grade of offense of which he was guilty, that is, to establish the murder just as if he had been alone on trial; but these confessions are not evidence to fix guilt upon the defendants charged as accessories: *Self* v. *The State*, 6 Bax., 244. While there are authorities to the contrary, yet we approve the reasoning of Chief Justice Nicholson in the case referred to, and hold in accordance with it.

It is insisted for the defendants, Ransom Morrow and Bellamy, that the court erred in permitting a witness, Piccaud, in detailing the confessions of William Morrow as to the killing of the deceased, also to give his statements as to what they had said to him in their absence. These statements as evidence in chief would have been incompetent as to them, but upon looking to the record they appear to

have been drawn out by the cross-examination of the witness by the defendants themselves.

Several objections have been taken to the charge of the court, which we think is in some respects subject to serious criticism, but as these may be obviated upon another trial, we have not deemed it necessary to discuss them.

For the errors above specified the judgment must be reversed, and the cause remanded for another trial. The defendants will be permitted to sever, and be tried separately.